PAUL R. ROBINSON (Bar No. 65581)
probinson@mdbbe.com
JEFFREY COHEN (Bar No. 76512)
jcohen@mdbbe.com
MEYER DARRAGH BUCKLER BEBENEK & ECK, PLLC
600 Grant Street, Suite 4850
Pittsburgh, PA 15219
Telephone: (412) 553-7146

KYLE W. NAGEOTTE (Bar No. 285599) (*Pro Hac Vice Application Pending*)
nageottek@higgslaw.com
JUSTIN T. CARTER (Bar No. 356703) (*Pro Hac Vice Application Pending*)
carterj@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
Telephone:   (619) 236-1551
Facsimile:   (619) 696-1410

Attorneys for Defendant
PROGENESIS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODY CRUZ, MICHELLE ROBICHAUX, BRETT PLOWFIELD, ALEXIS VASTARDIS, and ANNA RINALDI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROGENESIS, INC.,<br><br>Defendant. | Case No.<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT PROGENESIS, INC.'S MOTION TO QUASH SUBPOENA DUCES TECUM TO NON-PARTY MAIN LINE FERTILITY** |

{P2050939.1}13494487.2                1

MEMORANDUM IN SUPPORT OF DEFENDANT PROGENESIS, INC.'S MOTION TO QUASH SUBPOENA DUCES TECUM TO NON-PARTY; OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Progenesis, Inc. ("Progenesis") respectfully moves to quash or modify the subpoena duces tecum served on Main Line Fertility ("Third Party") (the "Subpoena"), or, in the alternative, for entry of a protective order limiting the scope of any production. The Subpoena demands eight sweeping categories of documents spanning over a decade, untethered to the narrow consumer fraud claims at issue in the Underlying Action (defined below). It seeks the entirety of Third Party's relationship with Progenesis, including confidential commercial information such as pricing, contractual terms, and financial arrangements, without regard to whether any of it bears on the specific marketing representations Plaintiffs challenge. Progenesis attempted to resolve this dispute through the meet-and-confer process, proposing narrowed subpoenas tied to the actual claims. Plaintiffs declined to engage. The Court should quash or modify the Subpoena, or, at a minimum, impose the proportionality limitations which Progenesis offered but Plaintiffs refused to accept voluntarily.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Underlying Litigation

This Motion arises from a subpoena duces tecum issued to Third Party in connection with a putative class action pending in the United States District Court for the Southern District of California, Case No. 3:24-cv-01789-BJC-AHG (the "Underlying Action"). In that case, five named plaintiffs (collectively, "Plaintiffs") allege that Progenesis made false and misleading statements in marketing its preimplantation genetic testing for aneuploidy ("PGT-A") product to consumers pursuing in vitro fertilization ("IVF"). Nageotte Decl. ¶ 1, Ex. A. The operative complaint asserts claims under the consumer protection statutes of California, Texas, Florida, Pennsylvania, and Illinois, as well as common-law fraud and unjust enrichment. *Id.* at ¶¶ 347-478.

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

{P2050939.1}13494487.2

2

MEMORANDUM IN SUPPORT OF DEFENDANT PROGENESIS, INC.'S MOTION TO QUASH SUBPOENA DUCES TECUM TO NON-PARTY; OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

The theory of the case is narrow. Plaintiffs contend that Progenesis marketed its PGT-A testing as 97-98% accurate, as reducing miscarriage risk, as increasing implantation and pregnancy success rates, and as benefitting couples of all ages undergoing IVF. *Id.* at ¶ 75. Plaintiffs allege these representations were false and misleading, and that they would not have purchased PGT-A testing from Progenesis had they known the truth. *Id.* at ¶¶ 76, 284. The claims are sound entirely in consumer fraud and deceptive marketing. *See* S.D. Cal., Case No., 3:24-cv-01789-BJC-AHG, ECF No. 58 [in granting Progenesis' Motion for Judgment on the Pleadings, "the Court finds that all of Plaintiff's claims sound in fraud and applies the heightened pleading standard of Rule 9(b)."]. Plaintiffs seek economic losses in the form of the amounts they paid for PGT-A testing and associated costs. *Id.* at ¶ 285.

## B. The Subpoena to Third Party

Third Party is a Pennsylvania-based fertility clinic providing reproductive medicine services, including in vitro fertilization, diagnostic testing, and related fertility treatments. Plaintiffs served the Subpoena on Third Party demanding the production of documents across eight broad categories spanning over a ten-year period from January 1, 2016, to the present. Nageotte Decl., ¶ 2, Ex. B.

The subpoena seeks, among other things: all contracts, agreements, memoranda of understanding, or any other arrangements between the clinic and Progenesis (Request Nos. 1-2); all marketing and promotional materials relating to PGT-A, regardless of the source (Request No. 3); all template patient communications, consent forms, counseling materials, and test result reporting templates (Request No. 4); all communications of any kind between the clinic and Progenesis (Request No. 5); all internal communications and policies relating to PGT-A services (Request No. 6); all documents relating to the scientific validity and clinical utility of PGT-A (Request No. 7); and all patient complaints, concerns,

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

{P2050939.1}13494487.2                 3
MEMORANDUM IN SUPPORT OF DEFENDANT PROGENESIS, INC.'S MOTION TO QUASH SUBPOENA DUCES TECUM TO NON-PARTY; OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

or adverse outcomes associated with PGT-A services from Progenesis (Request No. 8). *Id.*

## C. Meet and Confer Efforts and Procedural History

Plaintiffs served subpoenas duces tecum on seven nonparties in connection with the Underlying Action, including the Subpoena at issue here. The remaining subpoenas were directed to IVF Laboratory of Central Florida, Main Line Fertility in Pennsylvania, Pinnacle Fertility in Illinois, GenEmbryomics in California, as well as Maven Clinic and Progyny in New York, each containing similarly broad requests. Because the subpoenas raised overlapping objections, the Parties conducted their meet-and-confer efforts on all seven subpoenas simultaneously. Progenesis has filed or is filing separate motions to quash in each district where compliance is required.

**On December 30, 2025**, Progenesis' counsel sent a detailed meet-and-confer email to Plaintiffs' counsel identifying objections to the Subpoena and the other six third-party subpoenas on grounds of overbreadth, undue burden, irrelevance, and the compelled disclosure of proprietary information. Nageotte Decl. ¶ 3, Ex. C. Counsel requested that Plaintiffs either withdraw the Subpoena or substantially narrow it to seek only documents directly relevant to the specific marketing claims at issue, not available from Progenesis through party discovery, and proportional to the needs of the case. *Id.* Counsel also requested that Plaintiffs extend the production deadlines to allow the Parties to complete the meet-and-confer process. *Id.*

**On January 2, 2026**, Progenesis' counsel served its objections to the Subpoena. Nageotte Decl. ¶ 4, Ex. D.

**After a follow-up email on January 6, 2026**, the Parties held a telephonic meet and confer on that same date. Nageotte Decl. ¶ 5. During the call, Plaintiffs agreed to extend the production deadline for the Subpoena to February 27, 2026. Nageotte Decl. ¶ 6; *see also* Nageotte Decl. ¶ 4, Ex. C. Defendant also offered to

{P2050939.1}13494487.2                                    4

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

MEMORANDUM IN SUPPORT OF DEFENDANT PROGENESIS, INC.'S MOTION TO QUASH SUBPOENA DUCES TECUM TO NON-PARTY; OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

1  take the lead on drafting proposed limitations to the Subpoena for Plaintiffs' review.
2  Nageotte Decl. ¶ 4; *see also* Nageotte Decl. ¶ 4, Ex. C.

3  **On January 12, 2026**, Progenesis' counsel sent Plaintiffs' counsel proposed
4  revised subpoenas for all seven third parties, organized by category (clinics, IVF
5  benefit programs, and GenEmbryomics).  Nageotte Decl. ¶ 7, Ex. D; *see also*
6  Nageotte Decl. ¶ 4, Ex. C.  The proposed revisions narrowed the subpoenas in four
7  principal ways: (1) reducing the relevant time period from January 1, 2016, to
8  January 1, 2020; (2) introducing a defined term for "Challenged Marketing Claims"
9  tied to the specific representations at issue in this case; (3) eliminating categories
10 with no apparent connection to any claim or defense, such as requests for "all
11 internal communications" and "all policies"; and (4) limiting remaining requests to
12 documents that relate to Challenged Marketing Claims rather than any document
13 that happens to mention PGT-A or Progenesis.  *Id*.

14 Plaintiffs' counsel did not provide substantive comments on the proposed
15 revisions.  **On January 20th** and again **on January 22, 2026**, Progenesis' counsel
16 followed up requesting Plaintiffs' response and explaining the key proposed
17 limitations.  Nageotte Decl. ¶ 4, Ex. C.

18 **On January 29, 2026**, the Parties held another meet-and-confer conference
19 via telephone, where Plaintiffs declined to engage with the substance of the
20 proposed revisions to the subpoenas, and stated Progenesis would need to file its
21 motion.  Nageotte Decl. ¶ 8.  The Parties subsequently scheduled an Informal
22 Discovery Conference ("IDC").

23 **On February 5, 2026**, the Court in the Underlying Action held a discovery
24 conference, where Magistrate Judge Goddard authorized Progenesis to file the
25 instant motion to quash.  S.D. Cal., Case No., 3:24-cv-01789-BJC-AHG, ECF Nos.
26 76, 77; Nageotte Decl. ¶ 9.

27 / / /

28 / / /

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

{P2050939.1}13494487.2

5

MEMORANDUM IN SUPPORT OF DEFENDANT PROGENESIS, INC.'S MOTION TO QUASH SUBPOENA
DUCES TECUM TO NON-PARTY; OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

### III. LEGAL STANDARD

**A.    Motion to Quash or Modify Under Rule 45**

Rule 45(d)(3)(A) provides that a court "must quash or modify a subpoena" that, among other things, "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv). This obligation is mandatory once burden is established. *Id*.

To determine whether a subpoena presents an undue burden, courts consider: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014); *In re Mushroom Direct Purchaser Antitrust Litig.*, 2012 WL 298480, at *3 (E.D. Pa. Jan. 31, 2012) [courts balance relevance, need, confidentiality, and burden in evaluating Rule 45 and Rule 26 subpoenas] [citing to *Mannington Mills, Inc. v. Armstrong World Indus., Inc.,* 206 F.R.D. 525, 529 (D.Del.2002)].

Discovery from nonparties is subject to the same relevance and proportionality requirements as party discovery under Rule 26(b)(1). *In re Domestic Drywall Antitrust Litig.,* 300 F.R.D. 234, 239 (E.D. Pa. 2014) [non-party subpoenas are subject to heightened scrutiny]. But nonparties are entitled to particular solicitude because they "are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 339 (N.D. Cal. 1995) [quoting *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 371 (9th Cir. 1982), *cert.*

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

{P2050939.1}13494487.2            6
MEMORANDUM IN SUPPORT OF DEFENDANT PROGENESIS, INC.'S MOTION TO QUASH SUBPOENA DUCES TECUM TO NON-PARTY; OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

*denied*, 457 U.S. 1118 (1982)]; *In re Domestic Drywall Antitrust Litig.,* 300 F.R.D. 234, 241 (E.D. Pa. 2014) [higher relevancy burden required for nonparty discovery].

Rule 45(d)(3)(B) further provides that a court may quash or modify a subpoena that requires disclosure of "a trade secret or other confidential research, development, or commercial information[.]" Fed. R. Civ. P. 45(d)(3)(B)(i).

### B.   Motion for Protective Order Under Rule 26(c)

In the alternative, the Court may issue a protective order under Rule 26(c)(1), which authorizes the Court "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1).  "To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

### IV.   LEGAL ARGUMENT

### A.   Progenesis Has Standing to Challenge the Subpoena

A threshold question is whether Progenesis, as a party to the Underlying Action rather than the recipient of the Subpoena, has standing to seek this relief.  It does, on two independent grounds.

First, a party may challenge a third-party subpoena under Rule 45 where it claims a personal right or privilege with respect to the subpoenaed materials. Fed.R.Civ.P. 45(c)(3)(B); *Thomas v. Marina Assocs.,* 202 F.R.D. 433, 434 (E.D. Pa. 2001) [finding defendant cannot claim any privilege or interest in the documents sought]; *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Klay v. All Defendants*, 425 F.3d 977, 983 (11th Cir. 2005); *see also Crescent City Remodeling, LLC v. CMR Construction & Roofing, LLC*, 643 F.Supp.3d 613, 618 (E.D. La. 2022) [finding that absent a personal right or privilege, a party generally does not have standing under Rule 45]; *see also HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 307 (D.S.C. 2013).  Progenesis has such a right here.  The Subpoena seeks Progenesis' own contractual terms and pricing, its financial

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

{P2050939.1}13494487.2

7

MEMORANDUM IN SUPPORT OF DEFENDANT PROGENESIS, INC.'S MOTION TO QUASH SUBPOENA DUCES TECUM TO NON-PARTY; OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

arrangements with Main Line Fertility, its proprietary marketing materials, and its communications.  These are the kinds of "confidential research, development, or commercial information" that Rule 45(d)(3)(B)(i) is designed to protect.  And the "affected by" language in that subsection extends standing beyond the subpoena recipient to parties whose proprietary information is at stake.  Fed. R. Civ. P. 45(d)(3)(B); *see Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006) [holding that commercially sensitive information must be "important proprietary information[,]" that the challenging party must show it has historically maintained confidentiality, and that once this showing is made, the burden shifts to the requesting party to demonstrate substantial need]; *Albany Molecular Research, Inc. v. Schloemer*, 274 F.R.D. 22, 25 (D.D.C. 2011) [finding standing where party had "a real and defined interest in the business records requested in the subpoena"].

  Second, and independently, Progenesis has standing to seek a protective order under Rule 26(c) regardless of whether it has standing under Rule 45.  Courts have consistently recognized that a party may move for a protective order to limit or preclude discovery sought from a non-party where that discovery affects the party's interests.  *See, e.g., Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E.D. Pa. 2001); *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998); *Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, 643 F. Supp. 3d 613, 618 (E.D. La. 2022); *HDSherer LLC v. Nat'l Molecular Testing Corp.*, 292 F.R.D. 305, 307 (D.S.C. 2013).

  Accordingly, even if the Court were to conclude that Progenesis lacks standing to seek relief under Rule 45, it plainly has standing to seek a protective order under Rule 26(c) to prevent disclosure of irrelevant, overbroad, and confidential information.

/ / /

/ / /

/ / /

### B. The Subpoena Should be Quashed or Modified Because it Subjects Main Line Fertility to Undue Burden

The Subpoena demands production of eight sweeping categories of documents spanning over a decade, untethered to the specific marketing claims at issue in this case. Under the governing factors, it imposes an undue burden on Third Party and should be quashed or modified.

#### 1. *The Subpoena is Facially Overbroad.*

Courts routinely find subpoenas facially overbroad where, as here, they use sweeping formulations like "all documents" and "all communications" across numerous categories without adequate connection to the claims at issue. *See Highland Tank & Mfg. Co. v. PS Int'l, Inc.,* 227 F.R.D. 374, 379 (W.D. Pa. 2005) [an overly broad subpoena may be subject to a motion to quash as it imposes an undue burden on the subpoenaed party]*; American Federation of Musicians of the United States and Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 54 (N.D. Tex. 2015) [finding subpoena overbroad where it called for production of "apparently every document" related to the subject matter, "regardless of the documents' direct connection to [the plaintiff]'s claims"]; *see also Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50-51 (S.D.N.Y. 1996) [quashing subpoena as overbroad where requests for "all documents relating to" defendant's financial condition and "any communication(s)" would encompass virtually every document in the nonparty's files for the past ten years]. An overbroad subpoena, by definition, imposes an undue burden. *In re Subpoena Duces Tecum to AOL, LLC*, 550 F.Supp.2d 606, 612 (E.D. Va. 2008).

The Subpoena here suffers from the same deficiency. It demands "all" contracts, "all" financial records, "all" marketing materials, "all" communications, "all" internal policies, and "all" patient complaints. These categories are not limited to documents bearing on the Challenged Marketing Claims that form the basis of Plaintiffs' case (i.e., specific representations about PGT-A accuracy rates,

{P2050939.1}13494487.2    9

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

MEMORANDUM IN SUPPORT OF DEFENDANT PROGENESIS, INC.'S MOTION TO QUASH SUBPOENA DUCES TECUM TO NON-PARTY; OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

miscarriage risk, pregnancy success rates, and benefits for couples of all ages). Instead, they reach every document touching on Progenesis or PGT-A testing that Main Line Fertility happens to possess, regardless of any connection to the narrow consumer fraud at issue.

### 2. The Temporal Scope is Excessive.

The Subpoena demands documents from January 1, 2016, to the present, a period spanning over a decade. Courts have found comparable time periods excessive, particularly when the requests lack the specificity necessary to justify such breadth. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637-638 (C.D. Cal. 2005) [quashing subpoena seeking documents over a ten-year period as overbroad and unduly burdensome]; *Trump v. Vance*, 480 F.Supp.3d 460, 497 (S.D.N.Y. 2020) ["In general, 'as the period of time covered by the subpoena lengthens, the particularity with which the documents are described must increase.'" (*quoting In re Grand Jury Subpoena Duces Tecum Addressed to Provision Salesmen and Distributors Union*, 203 F.Supp. 575, 578-579 (S.D.N.Y. 1961))].

Here, the Subpoena runs in the opposite direction. It combines a ten-plus-year time period with the broadest possible document descriptions (i.e., "all" of everything). The operative complaint identifies specific marketing representations allegedly made during a defined period. There is no justification for demanding a decade's worth of documents from a nonparty that encompasses the entirety of its relationship with Progenesis.

### 3. The Subpoena is Not Proportional to the Needs of the Case.

Under Rule 26(b)(1), discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). These proportionality requirements apply with equal force to

nonparty subpoenas. *In re Interventional Pain Associates, P.A.*, 510 F.Supp.3d 448, 450 (W.D. Tex. 2021) [holding that proportionality requirements of Rule 26 apply equally in the context of Rule 45 motions].

The Underlying Action is a consumer fraud case in which Plaintiffs seek a refund of the amounts they paid for PGT-A testing. The claims turn on whether specific marketing representations were false or misleading. Against that backdrop, the Subpoena demands virtually every document in Main Line Fertility's files touching on Progenesis or PGT-A, spanning eight broad categories across a ten-year period. The burden of searching for, reviewing, and producing this volume of material from entities that are strangers to this litigation is plainly disproportionate to what the claims actually require.

Progenesis attempted to address this imbalance through the meet-and-confer process, proposing narrowed subpoenas that would (1) reduce the time period, (2) tie document requests to the specific "Challenged Marketing Claims" at issue, (3) eliminate untethered categories, and (4) limit requests to documents bearing on those claims. *See* Nageotte Decl. ¶ 4, Ex. C. Plaintiffs declined to engage with these proposals. Nageotte Decl. ¶ 8. The Court should impose the proportionality limits that Plaintiffs refused to accept voluntarily.

**C.     The Subpoena Should be Quashed or Modified to Protect Progenesis' Confidential Commercial Information**

Independently, the Subpoena should be quashed or modified under Rule 45(d)(3)(B)(i) because it requires disclosure of Progenesis' confidential commercial information. In deciding whether to quash subpoena served on non-party, district court should consider dollars-and-cents costs associated with large and demanding document production, privacy or confidentiality interests of recipient and others, and whether subpoena seeks information beyond what requesting party reasonably requires. Fed. R. Civ. P. 45(d)(3)(A)(iv). Courts recognize that disclosure of highly sensitive commercial information presents a substantial risk of competitive harm

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

{P2050939.1}13494487.2         11
MEMORANDUM IN SUPPORT OF DEFENDANT PROGENESIS, INC.'S MOTION TO QUASH SUBPOENA DUCES TECUM TO NON-PARTY; OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

that cannot always be mitigated by a protective order. *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 193 (4th Cir. 2019); *see, e.g., In re Deutsche Bank Tr. Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (recognizing that even rigorous protective measures may not prevent inadvertent disclosure of sensitive information); *FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980) (noting the difficulty of compartmentalizing confidential information once disclosed); *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1467 (Fed. Cir. 1984) (recognizing that certain confidential information may be impossible to shield from inadvertent use); *In re Rembrandt Techs., LP Patent Litig.*, 2008 WL 11345693, at *2 (E.D. Tex. Mar. 14, 2008) (limiting disclosure of highly sensitive commercial information to avoid competitive harm).

The Subpoena seeks, among other things, the terms and pricing of Progenesis' contractual agreements with Third Party and financial records reflecting payments between the two entities. *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006) [holding that commercially sensitive information must be "important proprietary information[,]"];

Progenesis' pricing structures, fee arrangements, and contractual terms are competitively sensitive. Disclosure of this information through litigation could cause concrete competitive harm, particularly given the specialized nature of PGT-A testing.

To the extent the Court does not quash the Subpoena outright on this ground, it should at a minimum modify the Subpoena to exclude categories seeking Progenesis' proprietary financial and contractual information.

D. **In the Alternative, the Court Should Enter a Protective Order Under Rule 26(c)**

Even if the Court concludes that the Subpoena should not be quashed in its entirety, it should issue a protective order under Rule 26(c) limiting the scope of the production to documents that are directly relevant to the Challenged Marketing

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

{P2050939.1}13494487.2   12
MEMORANDUM IN SUPPORT OF DEFENDANT PROGENESIS, INC.'S MOTION TO QUASH SUBPOENA DUCES TECUM TO NON-PARTY; OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

Claims at issue in the Underlying Action. As noted above, Progenesis has standing to seek a protective order under Rule 26(c) regardless of the Court's analysis of its standing under Rule 45. *See Crescent City*, *supra*, 643 F.Supp.3d at 618; *see also HDSherer*, *supra*, 292 F.R.D. at 307.

Rule 26(c) authorizes the Court to limit discovery to "certain matters" and to require that confidential commercial information "not be revealed or be revealed only in a specific way[.]" Fed. R. Civ. P. 26(c)(1)(D), (G). The Court has wide discretion in fashioning the scope of such protection. *Seattle Times*, *supra*, 467 U.S. 20, 36 (1984).

The proposed revised subpoenas Progenesis submitted during the meet-and-confer process, which Plaintiffs refused to engage with, provide a reasonable framework for any production. Those revisions would narrow the time period, tie requests to the specific Challenged Marketing Claims, and eliminate categories that bear no relationship to the claims at issue. *See* Nageotte Decl. ¶ 7, Ex. E. The Court should adopt those limitations, or comparable ones, as the parameters of any protection that occurs.

/ / /

## V.  CONCLUSION

For the foregoing reasons, Progenesis respectfully requests that the Court quash or modify the Subpoena under Rule 45(d)(3)(A) and (B), or in the alternative, enter a protective order under Rule 26(c) limiting the scope of any production to documents directly relevant to the Challenged Marketing Claims at issue in the Underlying Action, consistent with the narrowed framework proposed during the meet-and-confer process.

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

{P2050939.1}13494487.2                                13

MEMORANDUM IN SUPPORT OF DEFENDANT PROGENESIS, INC.'S MOTION TO QUASH SUBPOENA
DUCES TECUM TO NON-PARTY; OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

| | |
|---|---|
| Dated: February 27, 2026 | MEYER DARRAGH BUCKLER BEBENEK & ECK, PLLC |
| | By: ___/s Jeffrey Cohen_____<br>JEFFREY COHEN<br>PAUL R. ROBINSON<br>Attorneys for Defendant<br>PROGENESIS. INC. |

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

{P2050939.1}13494487.2     14

MEMORANDUM IN SUPPORT OF DEFENDANT PROGENESIS, INC.'S MOTION TO QUASH SUBPOENA DUCES TECUM TO NON-PARTY; OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER